# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT S. CROWLEY,

        Plaintiff,

vs.

DR. MICHAEL BOOTHE, DDS, *et al.*,

        Defendants.

Case No. 3:13-cv-00106-TMB

## ORDER REGARDING RES JUDICATA

On November 14, 2013, Robert S. Crowley, a self-represented state prisoner, filed a Second Amended Complaint, under 42 U.S.C. § 1983.[1] Crowley has filed a Motion for Summary Judgment.[2] The Defendants have responded and filed a Cross Motion for Summary Judgment, Crowley has replied to the response and has responded to the Cross Motion, and the Defendants have replied to Crowley's response to their Cross Motion.[3] Crowley then filed an "Answer to Defendant(s) Reply to Plaintiff's Opposition to Defendant(s) Cross Motion for Summary Judgment,"[4] which is not a document to be filed in the course of motion practice in this Court.[5] Thus, Crowley's Answer to Defendants'

---

[1] Docket 1.

[2] Docket 48.

[3] Dockets 49-53.

[4] Docket 54.

[5] *See* D.Ak.L.R. 7.1 (providing for a motion, opposition and an optional reply).

Reply to Plaintiff's Opposition to Defendants' Cross-Motion for Summary Judgment, at Docket 54, must be stricken.[6]

However, the Defendants have now filed a Motion to Accept Late-Filed Brief with a Proposed Motion to Dismiss based upon res judicata, which Crowley opposes.[7] This Order addresses that Motion.

Counsel for the Defendants has declared, under penalty of perjury that, "[i]n the course of [her] research on Pacer in regard to this case, [she] noticed that Mr. Crowley had several other cases in the federal court dockets . . . [and] that Crowley had earlier filed a complaint alleging violation of his right to medical care that contained the same claims as the claims in this case. . . . *Crowley v. Schmidt, Daigle, Boothe and Driver*, Case No. 3:13-cv-0021-RRB ('*Crowley I*'),", which case was dismissed before service upon the Defendants.[8] Further, as the Defendants point out, Crowley answered "no" to the question "Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment?**"[9]

Thus, although the Court previously provided that "[d]ispositive motions shall be filed no later than **September 22, 2014**," and that "the Court intends to

---

[6] Dockets 55, 57, 60.

[7] *See* Dockets 58, 58-1, 59, 61.

[8] Docket 59 at 2.

[9] Docket 15 at 7 (emphasis in original).

enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly,"[10] because Crowley was not truthful about his previous case, the Court will allow the late-filed Motion to Dismiss.

Further, "[a]s a general matter, a court may, *sua sponte,* dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed.' …However, '[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte,* thereby eroding the principle of party presentation so basic to our system of adjudication.'"[11] Thus, both parties will be heard on this issue. Below are the relevant facts, as presented to the Court in Crowley's two cases.

1. <u>Facts Alleged in Crowley's Current Case (*Crowley II*)</u>.

In his Second Amended Complaint in the current case, *Crowley II*, Crowley alleges as follows:

> In December of 2009 I believe I had been seen by Dr. Boothe at Anchorage Correctional Complex West, because I was having pain issues with my upper teeth which at that time I only had about 5 remaining teeth left in the upper portion of my mouth, so Dr. Boothe tells me that I have a bad decaying problem so I ask him about getting dentures, to which he answers how long I have left in jail so I told him I was not sure because I was still in Pretrial. He does a real quick job of drilling and filling the decay out of my teeth and sends me on my way. On or about three months later the fillings had

---

[10] Docket 32 at 3-4.

[11] *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (citations omitted).

already fallen out and left big gaping holes in my teeth, to which automatically as soon as I bit down on some food it broke one of my teeth. This leaves me in great pain and I put in a request to see the dentist and he pulls the tooth out because that is the only alternative at that point, at this time I again ask Dr. Boothe to request for dentures and he tells me he would. . . . Dr. Boothe has shown Deliberate Indifference and negligence of Medical Care by delaying significant attention to my serious needs . . .

In June of 2012 I get sentenced and sent to CO, my teeth are worn to nothing and go see the dentist Dr. Ward and he sees how badly I am in of need of dentures. I continue to suffer with almost two teeth remaining in my mouth just in order to eat still and finally I cannot tolerate it no longer so I have them extracted because they are on the nerves and in serious pain. When I first seen Dr. Ward for an evaluation I asked him to request dentures for me he tells me he will, at the time he pulls them I ask what the reply was from Ak. and he says they denied me dentures. On 8-28-12 I write out a grievance and explain my situation and ask for dentures again, I explain that I only have 1 and a half teeth remaining and I cannot eat. . . . [S]ee attached Prisoner Grievance #CHCD-588 and also Grievence Response. An investigation into your allegations has been conducted. AKDOC has denied your approval for dentures because the risk outweigh the benefits. Dr. Ward will extract your teeth as needed basis only. Which makes no sense because I no longer had any teeth on top.

I received a memorandum from Laura Brooks/State of Alaska Medical Advisory Committee stating I have reviewed your original grievance, all your written request for medical care, and the accompanying medical documents. The relief you request is: "I would like a dental approval for dentures please?" FINDINGS: Review of your record reveals that your treatment plan is in place and you have been evaluated by a dentist using ordinary skill and care. A request for dentures was submitted to the Medical Advisory Committee in August 2012. This request was denied based on the indication that no treatment was recommended due to the facts that the risk outweighed the benefits. . . . You are receiving essential health care per policy 807.02 Grievance Denied. . . .

I have been suffering for the last year without having teeth in my mouth in order to eat the proper foods, literally have to swallow my food whole at times which causes me to have digestive problems and causes stomach pain, also I cannot talk properly my words

come out wrong so not having teeth has severely affected my speech.[12]

2. Facts Alleged in Crowley's Previous Case (*Crowley I*).

The Court takes judicial notice[13] that Crowley's nearly identical previous case in this Court, *Crowley v. Schmidt, Boothe, Daigle, and Driver,* 3:13-cv-00021-RRB, was dismissed with prejudice. In that case, *Crowley I*, Crowley also alleged as follows:

> In December 2009, Plaintiff went to see the Dentist at Anchorage Correctional Complex-West, because Plaintiff was having extreme pain due to the condition of his teeth. Defendant number 3, Dr. Boothe told Plaintiff that he had a real bad decaying problem, and that Plaintiff had only about 9 to 10 teeth at that time remaining on the top portion of his mouth. Plaintiff requested Dr. Boothe to provide him dentures after removing his decaying teeth, however, Dr. Boothe explained that because Plaintiff was a pre-trial detainee with no known release date, dentures are not an option. Moreover, approval for dentures depended on Plaintiff's remaining time to serve. Dr. Boothe, however, did offer to drill and fill the problem teeth. Plaintiff did not refuse treatment, and accepted the fillings,

---

[12] Docket 15 at 3-6; *see also* Docket 15-1 at 3 (Medical Care Advisory Committee memo, 11/16/12: "Review of your record reveals that your treatment plan is in place and you have been evaluated by a dentist using ordinary skill and care. A request for dentures was submitted to the Medial Advisory Committee in August 2012. This request was denied based on the indication that no treatment was *recommended* due to the facts that the *risks outweighed the possible benefits.* . . . You are receiving essential health care per policy 807.02."); *id.* at 4 (Final Action Taken, signed by Dr. Ward, DDS, 11/28/12: "With a PRD of 7/7/2016, you do not meet Alaska DOC-Dental requirements of having at least 5 years until PRD. Therefore, nothing is submitted to Alaska. This is per their directive to me (from Dr. Boothe, DDS, Alaska State Dental Officer).").

[13] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (9th ed. 2009); *see also Headwaters*, 399 F.3d at 1051 n. 3 ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

however, these fillings were not permanent fillings, only temporary, and with a very short amount of time the fillings fell out.

About four (4) months later Plaintiff is seen by Dr. Boothe again because one of the teeth that had been filled had broken, leaving Plaintiff in extreme pain. Dr. Boothe extracts the problem tooth. Plaintiff again asks for dentures, and Dr. Boothe provides Plaintiff with the same answer as before. At this time, Plaintiff also requested Dr. Boothe to submit the paperwork anyway, however, Dr. Boothe never did.

On or about July 2012, Plaintiff was transferred to the Hudson Correctional Facility in Hudson, Colorado. Plaintiff had already been in custody for going on three (3) years. Plaintiff then requested to see the dentist at HCF, a one Dr. Ward, DDS. By this time Plaintiff only had four (4) teeth left on his upper portion of his mouth, and requested that the dentist put in for dentures. Dr. Ward tells Plaintiff the same thing that Dr. Boothe did in Alaska, that Plaintiff needed more than five (5) years . . . [Therefore], Plaintiff was denied dentures despite his medical need for them.

Plaintiff filed a prisoner grievance on August 28, 2012, which stated that Plaintiff had been incarcerated for three (3) years and that Plaintiff only had 1% teeth left in the upper portion of his mouth. Plaintiff further complained that he had an extremely hard time eating and needed dentures bad.

. . . Alaska DOC has denied Plaintiff's request for dentures because **the risks outweigh the benefits.** However, Dr. Ward will extract teeth on an as needed basis ONLY.

. . . Plaintiff filled out a cop-out to Laura Brooks . . .

On or about November of 2012, Plaintiff can no longer stand the pain, and has Dr. Ward remove the remaining teeth on the upper portion of Plaintiff's mouth. After Dr. Ward removed the teeth, Plaintiff started feeling sick to his stomach all the time and started losing large amounts of weight because Plaintiff could not eat correctly.

Finally on December 20, 2012, Plaintiff receives a reply from Sherry Daigle, the compliance administrator of the Alaska Medical Advisory Committee which . . . denied Plaintiff's request based on an

indication that no treatment is recommended due to the fact that the risk outweighs the possible benefits.[14]

3. <u>Crowley's previously-litigated claims may be barred in this case</u>.

As described above, the issues raised in *Crowley II* were previously brought in *Crowley I*, resulting in a dismissal with prejudice.[15] That judgment may bar claims concerning the same injury from being brought in this case.[16] "Three elements constitute a successful res judicata defense. 'Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"[17] Crowley's claims in *Crowley I* concern the same issues and facts raised in *Crowley II*, and he was given an opportunity to litigate his claims in *Crowley I*, before the final judgment of dismissal.[18]

---

[14] *Crowley 1*, 3:13-cv-00021-RRB, Docket 1 at 2-4 (emphasis in original).

[15] *Id.*, Dockets 11, 12.

[16] *See Takahashi v. Board of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850-52 (9th Cir.), *cert. denied*, 476 U.S. 1182 (1986) ("The [Supreme] Court [has] rejected the argument that Congress in enacting 42 U.S.C. § 1983 'intended to repeal or restrict the traditional doctrines of preclusion.' [*Allen v. McCurry*, 449 U.S. 90, 98 (1980)]. In *Migra v. Warren City School District Board of Education*, 465 U.S. 75, [84] (1984), the Court explicitly extended the rule of *Allen v. McCurry* to cover claim preclusion, [res judicata] . . . as well as collateral estoppel.").

[17] *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted).

[18] Docket 10 (describing the deficiencies in Crowley's initial complaint, and providing him an opportunity to amend); *see also Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986) (holding that "an opportunity to reach the merits is sufficient to invoke a preclusive effect").

Further, the parties in *Crowley II* appear to be the same as, or in privity with, the parties in *Crowley I*.[19]

However, in discussing a dismissal under 28 U.S.C. § 1915, the Supreme Court explains that because

> a § 1915([e]) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. It could, however, have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions.[20]

Following *Denton*, the Court of Appeals for the Second Circuit specifically discusses the relationship between res judicata and a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii):

> Under § 1915, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). Under the doctrine of *res judicata,* "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." . . . This principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. . . . In *Denton,* the Supreme Court held that, while a dismissal under § 1915(e) "does not prejudice the filing of a paid complaint making the same allegations," it "could, however, have a *res judicata* effect on frivolousness determinations for future

---

[19] *Compare* claims against Laura Brooks in *Crowley II*, with claims against Sherrie Daigle in *Crowley I*, above (alleging that both, on the Alaska Medical Advisory Committee, denied dentures on the grounds that the risks outweighed the benefits). The remaining Defendant in *Crowley II*, Dr. Boothe, was also a Defendant in *Crowley I*.

[20] *Denton v. Hernandez*, 504 U.S. 23, 34 (1992).

*in forma pauperis* petitions." . . . Following *Denton,* various circuits have so held. . . . We agree with the reasoning of these courts.

In the instant case, the factual predicates of plaintiff's allegations in the first and second complaints involve the same events . . . Although she raises a new legal theory in her second complaint . . . Cieszkowska could have brought that cause of action in her prior action. Accordingly, the claims in her second *in forma pauperis* complaint are now barred by *res judicata,* and the district court properly dismissed her complaint under § 1915(e).[21]

Both *Crowley I* and *Crowley II* proceeded *in forma pauperis*.[22] The Court dismissed *Crowley I* with prejudice,[23] after its required review under § 1915(e), and after providing Crowley with an explanation of the deficiencies and an opportunity to amend.[24]

---

[21] *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (citations omitted).

[22] *Crowley 1*, Dockets 3, 8; *Crowley II,* Dockets 3, 13.

[23] *Crowley 1*, Docket 11 at 2-3, n. 6 & 7 (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal with prejudice), and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61, 1262 (9th Cir. 1992) ("In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' . . . [A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citations omitted). "Because Mr. Crowley has filed nothing in this case since the Order to Amend was issued, and his response to the Order was due almost a month ago, the Court finds that 4 of the 5 factors (all but factor 4) have been met.").

[24] *Crowley 1*, Dockets 10, 11, 12.

IT IS THEREFORE ORDERED:

1. The Defendants' Motion to Strike, at Docket 55, is GRANTED. Crowley's Answer to Defendants' Reply to Plaintiff's Opposition to Defendants' Cross-Motion for Summary Judgment, at Docket 54 (including Docket 54-1), is STRICKEN.

2. The Defendants' Motion to Accept Late-Filed Brief, at Docket 58, is GRANTED. The Defendants should immediately file their Motion to Dismiss based upon res judicata, and serve it upon Crowley.

3. Crowley must file a Response to the Motion to Dismiss within 21 days of service of the Motion.

4. The Defendants may file a Reply to Crowley's Response within 14 days of service of the Response.

5. No action will be taken on the parties' Motions for Summary Judgment, at Dockets 48 and 49, until the Court considers the issue of res judicata.

Dated at Anchorage, Alaska this 17th day of December, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE