IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT S. CROWLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOE SCHMIDT, SHERRY DAIGLE, DR. MICHAEL BOOTHE, and JOE D. DRIVER,<br><br>　　　　　Defendants. | Case No. 3:13-cv-00021-RRB<br><br>**(Docket 16)** |
| ROBERT S. CROWLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DR. MICHAEL BOOTHE and LAURA M. BROOKS,<br><br>　　　　　Defendants. | Case No. 3:13-cv-00106-RRB<br><br>**(Docket 96)**<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO REFUND FILING FEES** |

In 2013, Robert Crowley ("Plaintiff") filed the two above-captioned cases seeking relief against various defendants pursuant to 42 U.S.C. § 1983.[1] Plaintiff sought to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 in both cases. Finding that Plaintiff was unable to prepay the $350 filing fee, IFP status was granted in each case.[2]

---

[1] Case 3:13-cv-00021 (hereinafter "Case #21") was assigned to the undersigned, while Case 3:13-cv-00106 (hereinafter "Case #106") was assigned to the Hon. Timothy M. Burgess. Ultimately Case #106 was also transferred to the undersigned for resolution of the two identical motions currently before the Court.

[2] 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the *parties instituting any civil action*, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner granted IFP status is required to pay the full federal district court filing fee for a civil case in installments.[3] Pursuant to the PLRA, the institution with custody of Plaintiff was directed to deduct the money from his account, when funds were available, and send the money to the Court until the statutory filing fee of $350.00 in each case was paid in full.[4]

On October 15, 2015, Plaintiff filed motions in both cases requesting "Delay in Paying Remainder of Filing Fees Due to Lack of Funds," requesting that he be permitted to delay paying the remainder of the filing fees until his release, then scheduled in eight months.[5] He further complained that the DOC was taking not only his "income" from his prison job, but also any deposits made to his prison account by family members. Conflicting orders were subsequently issued in Plaintiff's two cases.[6]

In Case #21, the undersigned relied on the guidance provided by Seventh and Tenth Circuit appellate courts and determined that the term "income" is not limited to money earned by the prisoner, but includes ***all deposits*** made to a prisoner's account.[7] But in Case #106, although Judge Burgess also denied Plaintiff's motion to delay payment of the filing fee, he found that the correctional facility should only deduct funds to pay his filing fees from Plaintiff's "*income* earned

fee of $350."); *see also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[3] 28 U.S.C. § 1915(b).

[4] *Id.*

[5] Case #21, Docket 13; Case #106, Docket 83.

[6] Section 1915(b)(2) provides as follows: "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

[7] Case #21, Docket 15 at 4–5 (citations omitted).

while in custody, and *not* from other funds such as those deposited by his family members."[8] Judge Burgess ordered that if the correctional facility was "deducting money from sources other than Crowley's income to pay for his lawsuit in this Court," that it should "remedy that practice in accordance with this order."[9]  Plaintiff subsequently was released, as evidenced by the State of Alaska's CourtView website which indicates that Plaintiff was charged with driving under the influence in 2017 and 2022, and with a charge of violating conditions of release in 2025.  Contrary to his assertions in 2015, Plaintiff made no attempt to pay off his filing fee debts while he was not in custody.

Plaintiff now petitions this Court, in both cases, for "Refund of Filing Fees."[10]  He complains that the DOC continues to take "family money" in violation of the court order, and also that the DOC was ordered not to take any money until "after he was released."[11]  The Court has reviewed both cases closely, and finds no order requiring DOC to wait until "after he was released" to deduct money for the filing fees in these cases.  Moreover, a review of the account in this Court reveals that Plaintiff has paid only $34.22 in case #21,[12] and $106.10 in case #106[13] in the past decade.  The Court's records indicate that no fees were forwarded to the Court from Plaintiff's trust account between May 24, 2017, and May 1, 2026.[14]

When Plaintiff applied for IFP status, he authorized "the agency holding [him] in custody to calculate and disburse funds from [his] trust fund account (or institutional equivalent)

---

[8] Case #106, Docket 87 (emphasis original).

[9] *Id.*

[10] Case #21, Docket 16; Case # 106, Docket 96.

[11] *Id.*

[12] Two payments were made, one on June 8, 2016, and one on May 1, 2026.

[13] Four payments were made in 2015, one payment in 2016, one payment in 2017, and one payment in 2026.

[14] This Court has no control over any debits related to state court matters, and notes that Plaintiff owes the State of Alaska over $3,000 related to his 2022 DUI, state case number 3AN-22-04165CR.  It is likely that some of the withdrawals from his prison accounts are related to his state charges.

pursuant to any future orders issued by the Court relating to this civil action in accordance with 28 U.S.C. § 1915(b)."[15] The PLRA requires the custodial agency to "forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."[16] The statute requires calculation of fees based on "the average monthly deposits to the prisoner's account" or "the average monthly balance in the prisoner's account," without distinguishing between the source of those funds. As this Court previously explained, courts repeatedly have held that family gifts, deposits from outside sources, and all money credited to the account are subject to collection for filing fees. Moreover, the U.S. Supreme Court has held that § 1915(b)(2) calls for "monthly payments of 20 percent of the preceding month's income" to be paid "simultaneously for each action pursued."[17] **To the extent that any judge has ordered otherwise in either of the above-captioned cases, such order is now VACATED.**

Finally, Plaintiff's address of record is the Palmer Correctional Center, but the Alaska VINE inmate locator indicates Plaintiff is currently at Anchorage Correctional Complex. Plaintiff is reminded to keep the Court updated with a current mailing address.

In light of the foregoing, it is hereby ORDERED as follows:

1.      Plaintiff's motions for Refund of Filing Fees are DENIED;

2.      DOC is instructed to resume collection of the filing fees from Plaintiff's prisoner account for cases numbered 3:13-cv-00021-RRB and 3:13-cv-00106-RRB in accordance with 28 U.S.C. § 1915(b)(2). Specifically, "monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" should be forwarded to the court for *each* of the above-captioned cases, *regardless of the source of the funds*.

---

[15] *See* Case #106, Docket 3 at 4.
[16] 28 U.S.C. §1915.
[17] *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016).

3. Payments must clearly identify the case name and number and should be mailed to:

Clerk of Court
United States District Court
District of Alaska
222 West 7th Avenue, Box 4
Anchorage, Alaska 99513-7564

4. The Clerk shall serve a copy of this order on the State of Alaska's Department of Law via the Court's electronic case filing system ("CM/ECF").

5. For the purpose of effectuating payment of the filing fee, the Clerk of the Court is also directed to mail a copy of this order by first class mail to:

Superintendent Jason Hamilton
Palmer Correctional Center
P.O. Box 919
Palmer, Alaska 99645

and

Asst. Superintendent Chris Lyou
Anchorage Correctional Complex
1400 East 4th Ave.
Anchorage, AK 99501

6. Any facility housing Plaintiff must forward a copy of this order to any other institution that receives custody of Plaintiff until the $350 filing fee has been paid in full.

7. This order supersedes all other orders regarding payment of filing fees in the above-captioned cases.

IT IS SO ORDERED this 9th day of June, 2026, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge